**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**Francisco Echevarría-Pacheco,**

  Petitioner

    v.

**United States of America,**

  Respondent.

CIVIL NO. 17-1269 (PG)
Related Crim. No. 12-714-2 (PG)

## **OPINION AND ORDER**

Before the court is petitioner Francisco Echevarría-Pachecho's (henceforth "Petitioner" or "Echevarría-Pacheco") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1), and the United States' (or the "government") opposition thereto (Docket No. 14). For the following reasons, the court **DENIES** Petitioner's motion to vacate.

### **I. BACKGROUND**

On October 4, 2012, Echevarría-Pacheco was indicted for aiding and abetting a carjacking, in violation of 18 U.S.C. § 2119(1) ("Count One"), and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Two"). See Crim. No. 12-714, Docket No. 10. Echevarría-Pacheco pled guilty to both counts. See Crim. No. 12-714, Dockets No. 25-26.

On April 12, 2013, Echevarría-Pacheco was sentenced to seventy-one months as to Count One, and 120 months as to Count Two, to run consecutively with each other, for a total of 191 months of imprisonment. See Crim. No. 12-714, Dockets No. 40-41. Echevarría-Pacheco timely appealed, but the First Circuit Court of Appeals summarily affirmed his conviction and sentence. See Crim. No. 12-714, Docket No. 65.

On February 23, 2017, Echevarría-Pacheco filed the motion to vacate under 28 U.S.C. § 2255, arguing that his sentence is unconstitutional in light of the Supreme Court's decision in Johnson v. United States, 135 S.Ct. 2551 (2015) (Johnson II). See Docket No. 1.

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-427 (1962); Ellis v. United States, 313 F.3d 636, 641 (1st Cir. 2002).

## III.    DISCUSSION

Mainly, Echevarría-Pacheco claims that his conviction as to Count Two, to wit, possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A), must be vacated because carjacking under 18 U.S.C. § 2119 fails to qualify as a "crime of violence" under the force and residual clauses in 18 U.S.C. § 924(c). Alternatively, Petitioner alleges that aiding and abetting a carjacking fails to qualify as a crime of violence under § 924(c). Each of Petitioner's arguments will be attended to in turn.

*A. Section 924(c)'s Residual Clause*

First, Echevarría-Pacheco contends that carjacking under 18 U.S.C. § 2119 cannot qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(B),[1] the statute's residual clause, as it contains the same or substantially similar language to the Armed Career Criminal Act's ("ACCA") residual

---

[1] Section 924(c)'s residual clause defines "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

clause, 18 U.S.C. § 924(e), struck down for vagueness in Johnson II. The court does not reach the merits of this argument because, as the following analysis will showcase, aiding and abetting carjacking qualifies as a crime of violence under § 924(c)'s force clause, 18 U.S.C. § 924(c)(3)(A).

### B. *Section 924(c)'s Force Clause*

To begin, the court notes that the federal carjacking statute to which Petitioner entered a guilty plea provides, in pertinent part:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so shall [be punished in accordance with the remainder of this statute]

18 U.S.C. § 2119. On the other hand, the force clause here at issue defines "crime of violence" as a felony that has "as an element the use, attempted use or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

Under the categorical approach, if the least violent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence." See United States v. Torres-Miguel, 701 F.3d 165, 167 (4th Cir. 2012). Furthermore, the phrase "physical force" has been construed to mean "violent force—that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010) (Johnson I).

Echevarría-Pacheco argues that federal carjacking cannot qualify as a "crime of violence" under § 924(c)'s force clause because the offense can be committed by intimidation. See Docket No. 1 at 10. Intimidation entails placing another in fear of bodily harm, which Petitioner contends does not require the use or threatened use of violent physical force against another. Petitioner further avers that offenses resulting in physical injury do not necessarily require the

use of violent physical force. See Torres-Miguel, 701 F.3d at 168 (holding that "[a]n offense that results in physical injury, but does not involve the use or threatened use of force, simply does not meet the Guidelines definition of a crime of violence"). Petitioner concludes that carjacking committed by intimidation (i.e. placing another in fear of bodily harm or death) does not require the use or threat to use violent physical force and, therefore, it does not categorically qualify as a crime of violence under § 924(c)(3)(A). See Docket No. 1 at 12. The court disagrees.

In order to convict someone accused of federal carjacking by intimidation, "the Government must prove that 'at the precise moment he demanded or took control over the car' by means of intimidation, the accused evidenced an intent to cause death or serious bodily harm to the victim." Sanchez-Leon v. United States, 251 F. Supp. 3d 370, 374 (D.P.R. 2017) (quoting Holloway v. United States, 526 U.S. 1, 8 (1999)). Therefore, he who commits carjacking by intimidation "must have embodied a genuine threat to inflict serious bodily harm." Id. Petitioner does not deny that federal carjacking has as an element the intent to cause death or serious bodily harm to the victim. Instead, he asserts that someone could embody a genuine threat to inflict serious bodily harm without actually using or threatening to use physical force. Echevarría-Pacheco does not provide us with a single example of how a federal carjacking by intimidation could occur without the use or threatened use of force.

Yet, the Supreme Court has held that "[i]t is impossible to cause bodily injury without applying force in the common-law sense." United States v. Castleman, 572 U.S. 157, 170 (2014). This court cannot visualize a reasonably realistic scenario in which someone could commit a federal carjacking by intimidation where the accused has placed the victim in fear of bodily harm or death without using or threatening to use physical force. See United States v. Ellison, 866 F.3d 32, 38 (1st Cir. 2017) (quoting United States v. Fish, 758 F.3d 1, 6 (1st Cir. 2014)) (stating that

"[w]e are not supposed to imagine 'fanciful, hypothetical scenarios' in assessing what the least serious conduct is that the statute covers").

The carjacking statute's intimidation element challenged by Petitioner is substantively similar to the intimidation element of federal bank robbery found in 18 U.S.C. § 2113(a).[2] In Ellison, 866 F.3d at 37, the First Circuit held that "proving 'intimidation' under § 2113(a) requires proving that a threat of bodily harm was made." A number of appellate courts have also reached the conclusion that "intimidation" under § 2113(a) has as an element the use, attempted use, or threatened use of physical force against the person of another. See United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016) (holding that "a taking 'by intimidation' involves the threat to use [physical] force"); United States v. McBride, 826 F.3d 293, 296 (6th Cir. 2016) ("The defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force. A taking by intimidation under § 2113(a) therefore involves the threat to use physical force."); United States v. Jenkins, 651 Fed. Appx. 920, 924 (11th Cir. 2016) (quoting United States v. Kelley, 412 F.3d 1240, 1244 (11th Cir. 2005)) (explaining that "intimidation occurs when an ordinary person in the teller's position could reasonably infer a threat of bodily harm from the defendant's acts").

If a federal bank robbery committed by intimidation has as an element the use, attempted use, or threatened use of physical force, then carjacking by intimidation must also require physical force. Furthermore, someone who commits a federal carjacking by intimidation must have done so with the intent to cause death or serious bodily injury to the victim, which rationally requires the use or threat to use physical force. See United States v. Gutierrez, 876 F.3d 1254,

---

[2] The federal bank robbery statute reads, in pertinent part, that "whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or any other thing of value belonging to . . . any bank . . ." will have committed a federal bank robbery. 18 U.S.C. § 2113(a).

1257 (9th Cir. 2017) (holding that "[t]o be guilty of carjacking 'by intimidation,' the defendant must take a motor vehicle through conduct that would put an ordinary, reasonable person in fear of bodily harm, which necessarily entails the threatened use of violent physical force").

Based on the foregoing, the court finds that a carjacking committed by intimidation qualifies as a "crime of violence" under § 924(c)(3)(A). The sole other means of committing a carjacking pursuant to § 2119 involves the use of "force and violence." Under such circumstances, the crime necessarily involves the use, attempted use, or threatened use of violent physical force. Simply put, federal carjacking —whether committed using "force and violence" or by intimidation— qualifies as a "crime of violence" under § 924(c)(3)(A). Consequently, Petitioner's challenge with respect to the crime of violence aspect of § 924(c)'s force clause fails.

### C. Aiding and Abetting Federal Carjacking

Lastly, Echevarría-Pacheco maintains that aiding and abetting a federal carjacking does not qualify as a "crime of violence" under § 924(c)'s force clause because the defendant himself need not use, attempt to use, or threaten to use physical force in order to commit the felony. See Docket No. 1 at 18. Again, the court disagrees.

Under federal law, "whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States is punishable as a principal." 18 U.S.C. § 2(b). In other words, "one who aids and abets an offense 'is punishable as principal' . . . and the acts of the principal become those of the aider and abetter as a matter of law." United States v. Mitchell, 23 F.3d 1, 3 (1st Cir. 1994) (quoting United States v. Simpson, 979 F.2d 1282, 1285 (8th Cir. 1992)). Aiding and abetting is not considered a separate offense from the underlying substantive crime. See id. at 2 (quoting United States v. Sanchez, 917 F.2d 607, 611 (1st Cir. 1990)). Furthermore, "aiding and abetting the commission of a crime of violence is a crime of violence itself." Id. at 3.

In light of the foregoing, the court concludes that since federal carjacking qualifies as a "crime of violence" under § 924(c)'s force clause, then aiding and abetting federal carjacking must also be considered a "crime of violence." The aider and abetter of a federal carjacking is legally responsible for the acts of the principal, meaning that Echevarría-Pacheco committed all the elements of a principal carjacking that warrant the force clause's "crime of violence" epithet. The court thus rejects Petitioner's claim.

## IV.　　CONCLUSION

For the reasons previously explained, the court finds that Echevarría-Pacheco's claims are meritless. Accordingly, his request for habeas relief under 28 U.S.C. § 2255 (Docket No. 1) is **DENIED**. The case is, therefore, **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

## V.　　CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that the Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2553(c)(2).

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, September 26, 2018.

　　　　　　　　　　　　　　　　　　　　　　　　S/ JUAN M. PÉREZ-GIMÉNEZ
　　　　　　　　　　　　　　　　　　　　　　　　**JUAN M. PEREZ-GIMENEZ**
　　　　　　　　　　　　　　　　　　　　　　　　**SENIOR U.S. DISTRICT JUDGE**